

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| AMBER J. ROBLES,<br><br>        Petitioner,<br><br>        v.<br><br>WALTER MILLER, WARDEN,<br><br>        Respondent. | Case No. EDCV 11-1994-GAF (MLG)<br><br>ORDER DENYING MOTION AND DISMISSING ACTION WITHOUT PREJUDICE |

Amber J. Robles, a California state prisoner, has filed a document with the Court requesting an extension of time in which to file a petition for writ of habeas corpus. She does not provide any information concerning the underlying conviction or any claims for relief. Rather, she only states that she is awaiting documentation from the prison mail room concerning a petition for review in the California Supreme Court. It appears that Petitioner is seeking to suspend the running of the one-year limitations period set forth in 28 U.S.C. § 2244(d) for the filing of a habeas corpus petition. For the reasons stated below, the motion is denied and this matter is dismissed without prejudice.

//

1    The Constitution's "case or controversy" jurisdictional
2 requirement precludes the granting of relief like that requested by
3 Petitioner, because there are no adverse parties before the Court and
4 there is no concrete dispute for this Court to decide. *See Valley*
5 *Forge Christian Coll. v. Americans United for Separation of Church*
6 *and State, Inc.*, 454 U.S. 464, 471 (1982); *Woodford v. Garceau*, 538
7 U.S. 202, 207-08, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (just as
8 civil actions in general begin with the filing of a complaint, a
9 habeas action begins with the filing of an application for habeas
10 corpus relief). For this reason, the federal courts have routinely
11 dismissed requests for extensions of time to file a habeas corpus
12 petition. *Bjorn v. Warden*, 2009 WL 1392089 (N.D. Cal. 2009) (In
13 absence of concrete dispute, federal court cannot grant extension of
14 time to file a habeas corpus petition); *Chairez v.* Adams, 2007 WL
15 1703750 (N.D. Cal. 2007) ("In the absence of an actual petition for
16 a writ of habeas corpus or other civil complaint, there is no case
17 or controversy for this Court to adjudicate."); *In re Brockett*, 2006
18 WL 1329675 (N.D. Cal. 2006); *see also United States v. Leon*, 203 F.3d
19 162, 164 (2d Cir. 2000) (holding that a federal court lacks
20 jurisdiction to consider the timeliness of a § 2255 petition until
21 a petition actually is filed); *United States v. Clarke*, 1998 WL
22 91069, at *1 (D. Conn. 1998) (denying request for extension of
23 limitations period to file § 2255 motion).

24    Petitioner must file a habeas corpus petition in this Court
25 before the Court may act upon either her substantive claims or on any
26 claim that she might be entitled to either statutory or equitable
27 tolling of the limitations period. The Court simply does not have
28 jurisdiction to give an advisory opinion as to the timeliness of a

2

1  petition.

2      For the foregoing reason, the motion is DENIED and this action

3  is dismissed without prejudice.

4

5  Dated: December 21, 2011

6

7

8  _____
   Gary A. Feess

9  United States District Judge

10

   Presented By:

11

12

13  _____
    Marc L. Goldman

14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3